IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNIE EILAND and
VINCENT WADE,

Plaintiffs,

v.

ARCTIC FOOD SERVICES, INC.,
d/b/a Arctic Food Services, Inc./
Panske Trucking, Inc. and
PANSKE TRUCKING INC.,

Defendants.                                  No. 08-0066-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Defendants' motion to stay proceedings and compel arbitration (Doc. 16). Plaintiffs oppose the motion (Doc. 20). Based on the following, the Court grants Defendants' motion and stays this matter pending arbitration.

On January 29, 2008, Johnie Eiland and Vincent Wade filed a complaint against their former employer Arctic Food Services, Inc./Panske Trucking, Inc. for unlawful employment practices on the basis of natural origin, citizenship, race, age and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA") (Doc. 2). On March 28, 2008, Defendants filed a motion

to stay proceedings and compel arbitration (Doc. 16). Plaintiffs filed their response on April 10, 2008 (Doc. 20) and Defendants filed their reply on April 15, 2008 (Doc. 21).[1] The Court has reviewed the applicable law and the pleadings and now rules as follows.

## II. Analysis

The Federal Arbitration Act ("FAA") was originally enacted "… to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." ***Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)**. "Its primary substantive provision states that '[a] written provision in any maritime transaction or contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.'" ***Id.* at 24-25 (quoting 9 U.S.C. § 2)**. Section 3 of the FAA provides for stays of proceedings where the issue therein is referable to arbitration, and § 4 provides for the court's entering an order compelling arbitration where a party has failed to arbitrate under the agreement. **9 U.S.C. § § 3, 4**.

"The Arbitration Act establishes that, as a matter of federal law, any

---

[1] Also contained in Defendants' reply is a motion to strike Plaintiffs' memorandum in opposition. Defendants argue that the Court should strike Plaintiffs' April 10, 2008 memorandum in opposition as untimely. The Court **DENIES** Defendants' motion to strike. Based on the Court's calculation, Plaintiffs' memorandum in opposition is timely. ***See* Federal Rule of Civil Procedure 6(a)**.

doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." ***Moses H Cone Memorial Hosp. v. Mecury Const. Corp.*, 460 U.S. 1, 24-25 (1983)**. While it is established that FAA policy favors the enforcement of valid arbitration agreements, Plaintiffs cannot be compelled to arbitrate unless they have entered into a valid contract waiving their rights to a judicial forum. The Court turns now to address this issue.

Here, Defendants contend that Plaintiffs Eiland and Wade entered into valid, binding agreements to arbitrate employment-related disputes. Plaintiffs counter that the arbitration clause contained in their employment contracts does not apply to their claims of discrimination. Specifically, Plaintiffs maintain that the express terms of the arbitration clause strictly limit its application to claims or controversies that arise out of or relate to "*this Agreement*." Plaintiffs further maintain that employment contracts does not contain any reference to claims for discrimination, Title VII, civil rights, or any cause of action alleged by Plaintiffs. The Court agrees with Defendants.

Both Plaintiffs signed employment contracts that contained the following arbitration clause[2]:

> Settlement by Arbitration. Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by

---

[2]There is no dispute that both Plaintiffs signed employment agreements containing the settlement by arbitration clause. What is in dispute is whether Plaintiffs' claims arise out of or relate to their employment contracts.

arbitration in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court with jurisdiction.

Based on the employment agreements and the arbitration clause, the Court finds that Plaintiffs' claims arise out of or relates to the employment agreement. The employment agreements also cover salary, working hours, job duties, position, vacation, benefits and time off. These are the same areas that Plaintiffs allege form the basis for their discrimination claims - denial of promotions, benefits, work hours and assignments, breaks, inequitable salaries. Clearly, Plaintiffs' claims arise out of or relate to the employment agreements. ***See Oblix, Inc. v. Winiecki*, 374 F.3d 488, 490 (7th Cir. 2004)(arbitration clause in employment contract was sufficiently broad to cover dispute about discrimination in violation of Title VII when section called for arbitration of any dispute or controversy "arising out of or relating to employment.")**. Thus, the arbitration clause contained in their employment agreements in applicable to these claims.

### III. Conclusion

Accordingly, the Court **GRANTS** Arctic Food Services, Inc. and Panske Trucking, Inc.'s motion to stay proceedings and compel arbitration (Doc. 16). The Court **REFERS** this matter to arbitration and **STAYS** all proceedings pending the outcome of arbitration.

**IT IS SO ORDERED.**

Signed this 21st day of April, 2008.

/s/     David R Herndon
**Chief Judge**
**United States District Court**