IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNIE EILAND and
VINCENT WADE,

Plaintiffs,

v.

ARCTIC FOOD SERVICES, INC.,
d/b/a Arctic Food Services, Inc./
Panske Trucking, Inc. and
PANSKE TRUCKING INC.,

Defendants.                                             No. 08-0066-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Plaintiffs' motion to reconsider Court's Order staying proceedings and compelling arbitration and alternative motion to compel Defendants to pay costs of arbitration (Doc. 24). Defendants oppose the motion (Doc. 26). Based on the following, the Court **DENIES** Plaintiffs' motion.

On January 29, 2008, Johnie Eiland and Vincent Wade filed a complaint against their former employer Arctic Food Services, Inc./Panske Trucking, Inc. for unlawful employment practices on the basis of natural origin, citizenship, race, age and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA") (Doc. 2). On April 21, 2008, the Court granted

Defendants' motion to stay proceedings and compel arbitration (Doc. 23).

## II. <u>Analysis</u>

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. ***See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the date the motion was filed determined under what rule it would be analyzed. ***See United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992)**. If the motion was served within 10 days of the rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b). ***Id.* (citations omitted)**. Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label . . ., is dispositive with respect to the appropriate characterization of the

motion.

***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted)**.

Here, the Court entered its Order staying the case and compelling arbitration on April 21, 2008 (Doc. 23). Plaintiffs filed this motion on July 18, 2008. Obviously, the analysis of this motion falls under Rule 60(b). Rule 60(b) authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud …; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged …; or (6) any other reason justifying relief from the operation of the judgment.

The first five grounds for Rule 60(b) relief do not apply, as Plaintiffs do not claim (and the record does not reveal) any mistake, excusable neglect, newly discovered evidence, fraud, fundamental defect voiding the judgment, or satisfaction of the judgment. Nor have Plaintiffs demonstrated any "other reason justifying relief" from the Order.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**.

Plaintiffs move the Court to reconsider its Order staying the case and compelling arbitration because the arbitration agreements impose unreasonably high

costs on Plaintiffs which effectively deny them access to a reasonable forum within which they may vindicate their federal and state rights. Plaintiffs maintain that they do not have the financial means to pay such fees. Plaintiffs draw support from cases holding that arbitration provisions that require plaintiffs to pay a substantial portion of the costs of arbitration are invalid. ***See, Shankle v. B-G Maintenance Mgmt. of Colorado, Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999)(invalidating agreement that required plaintiff to pay one-half of arbitrator's fees to invoke arbitration procedure); *Paladino v. Avnet Computer Techs. Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998)(finding that arbitration agreement requiring employee to pay one-half of costs and "steep filing fees" is unenforceable)**. However, other courts have reached different conclusions than the cases cited by Plaintiffs. ***See e.g. Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 763-64 (5th Cir. 1999)(finding that public policy not violated when plaintiff was required to pay $3,650 in arbitration costs pursuant to mandatory fee-splitting provision), cert. denied 529 U.S. 1099 (2000); *Rosenberg v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 16 (1st Cir. 1999)(refusing to invalidate arbitration agreement with fee-splitting provision because fees not yet levied and judicial review available; and noting that arbitration often more affordable for plaintiffs than litigation); *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 366 (7th Cir. 1999)(adopting *Rosenberg* analysis), cert. denied, 528 U.S. 811 (2000)**.

Plaintiffs have presented no special circumstances justifying the extraordinary remedy. Plaintiffs' motion takes umbrage with the Court's ruling and

rehashes an argument raised previously. Furthermore, Plaintiffs have not made a showing that the expenses that they necessarily and definitely would incur would make arbitration prohibitive. **See James v. McDonald's Corp., 417 F.3d 672, 679 (7th Cir. 2005)**. "A party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive bears the burden of showing the likelihood of incurring such costs." **Id. (quoting Green Tree Financial Corp. -Alabama v. Randolph, 531 U.S. 79, 81 (2000))**.

In the case at bar, the Fee Schedule from the AAA requires Plaintiffs to pay an "Initial Filing Fee" of $3,250.00 and a "Case Service Fee" of $1,250.00. These arbitration expenses are required by the AAA and are the costs of doing business. Moreover, the "AAA's Commercial Rules contain provisions to protect parties from prohibitive expenses." **James, 417 F.3d at 679 (citing Dobbins v. Hawk's Enters., 198 F.3d 715, 717 (8th Cir. 1999); American Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 712 (5th Cir. 2002), cert. denied, 537 U.S. 1106 (2003)("[T]he rules of the AAA provide sufficient avenues to request fee-paying relief, if necessary.")**. In particular, Section 43. Administrative Fees provides:

> As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fees schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.
> AAA fees shall be paid in accordance with the Costs of Arbitration (see pages 45-53).
> **The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees.** (To ensure that you have the most current information, see our website at www.adr.org).

**§ 43; Employment Arbitration Rules and Mediation Procedures, Amended and Effective July 1, 2006 (emphasis added)**.

Here, Plaintiffs have submitted no evidence indicating how their financial situations would be factored into an assessment of the arbitration costs under the hardship provision.[1] Furthermore, Plaintiffs have not submitted any evidence concerning the comparative expense of litigating their claims. "The cost differential between arbitration and litigation is highly probative to Mrs. James' claim that requiring her to proceed through arbitration, rather than through the courts, would effectively deny her legal recourse." *James*, **417 F.3d at 680 (citing** *Bradford v. Rockwell Semiconductor Sys., Inc.***, 238 F.3d 549, 556 (4ht Cir. 2001)(applying a case-by-case analysis in the employment discrimination context focused on "ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether the cost differential is so substantial as to deter the bringing of claims"))**. Thus, the Court rejects Plaintiffs' motion to reconsider and alternative motion to compel Defendants to pay costs of arbitration.

### III. Conclusion

---

[1] Plaintiffs did submit an affidavit from one of their attorneys, Shannon Cook, regarding the waiver of fees. (Doc. 29-2). The affidavit merely states: "Thereafter, I again contacted AAA to question whether there was any procedure for reduction of these fees if the Plaintiffs could not afford them. I was referred to a man who was identified to me as Bob Hughes who is Vice President of the Central Region for AAA. Mr. Hughes confirmed the amount of the Initial Filing Fee and Case Service Fee. When I informed him that those fees would be cost prohibitive for the Plaintiffs to pay, he told me that that would have to be worked out between the parties and did not indicate that there was any provision for reduction or waiver of those fees under AAA rules."

Accordingly, the Court **DENIES** Plaintiffs' motion to reconsider Court's Order staying proceedings and compelling arbitration and alternative motion to compel Defendants to pay costs of arbitration (Doc. 24).

**IT IS SO ORDERED.**

Signed this 31st day of October, 2008.

/s/    DavidRHerndon

**Chief Judge**
**United States District Court**